## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN and SERGEANTS BENEVOLENT ASSOCIATION HEALTH AND WELFARE FUND, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>PFIZER, INC. ,<br><br>        Defendant. | Civil Action No.: 1:12-cv-02237 |

### PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS CLAIMS AGAINST PFIZER, INC.

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs, American Federation of State, County, and Municipal Employees District Council 37 Health & Security Plan and Sergeants Benevolent Association Health and Welfare Fund, respectfully move this Court to voluntarily dismiss all claims in this action against Defendant Pfizer, Inc.  The case is in an early stage and Pfizer will suffer no legal or other prejudice as a result of this dismissal.

Rule 41(a) provides for voluntary dismissal of an action by a plaintiff.[1]  Where the parties stipulate to dismissal or should the plaintiff file a notice of dismissal before the service of an answer or motion for summary judgment by the opposing party, Rule 41(a)(1) applies and allows dismissal without a court order.[2]  Absent those circumstances, Rule 41(a)(2) provides for dismissal of an action at the plaintiff's request only by court order.[3]

---

[1] Fed. R. Civ. P. 41(a).

[2] *Id*. at 41(a)(1)(A).

[3] *Id*. at 41(a)(2).

Because Pfizer served the plaintiffs with an answer to the amended complaint on October 16, 2012, concurrently with its filing of a Rule 12(b)(6) motion to dismiss the amended complaint, Rule 41(a)(2) applies in this instance.

Rule 41(a)(2) dismissals "are at the district court's discretion."[4] The Second Circuit has outlined the factors "relevant to the consideration of a motion to dismiss," including "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss."[5] These factors support dismissal of the plaintiffs' complaint.

This litigation is at an early stage: the plaintiffs filed an amended complaint on October 4, 2012 and the parties have neither completed briefing on Pfizer's Rule 12(b)(6) motion to dismiss the action nor engaged in any discovery in this matter. And nothing in the plaintiffs' request is designed to harass, annoy, or 'unduly vex' Pfizer.

This case challenges a number of Pfizer's prescription drug copay subsidy programs. But Pfizer is not the only pharmaceutical manufacturer offering these fraudulent programs and cases challenging similar programs by other pharmaceutical manufacturers are pending in multiple courts and jurisdictions across the country, with different judges adjudicating cases against

---

[4] *United States v. Cathcart*, 291 Fed. Appx. 360, 361 (2d Cir. N.Y. 2008).

[5] *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. N.Y. 1990) (citing "*Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986); *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 15 F.R.D. 14, 18 (S.D.N.Y. 1953); *see also Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109, 114 (2d Cir. 1985) (claim withdrawn after trial but before submission to jury dismissed with prejudice for plaintiff's failure to show need for retrial elsewhere); *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (dismissal without prejudice properly denied where discovery considerably advanced and defendant's motion for summary judgment pending).").

different defendants.[6] The defendants in these actions, including Pfizer, preferred this approach, fighting an effort by the plaintiffs in these actions to consolidate the copay subsidy cases before one court through the multidistrict litigation process.[7]

A similar case against Pfizer, raising the same issues, challenging the same Pfizer copay subsidy programs on behalf of the same class of private third party payors, is currently pending in the Southern District of Illinois. Third party payors suing Pfizer will litigate there.

At the same time, this Court has before it a copay subsidy action against Bristol-Myers Squibb Co. The plaintiffs have every intention of continuing to litigate that case before this Court.

Pfizer does not consent to the request to dismiss this action. But the case is in its infancy and Pfizer will suffer no legal or other prejudice as a result of dismissal of the action.

Plaintiffs request this Court grant a voluntary dismissal of claims against Pfizer, Inc.

Dated: December 13, 2012                                  Respectfully submitted,

                                                                    **/s/ Thomas M. Sobol**
Thomas M. Sobol
Lauren Guth Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel. (617) 482-3700
Fax. (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com

---

[6] For example, a similar suit against Abbott Laboratories is pending in the Northern District of Illinois (*New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, No. 12-cv-01662 (N.D. Ill.)); one against GlaxoSmithKline LLC in the Eastern District of Pennsylvania (*New England Carpenters Health and Welfare Fund v. GlaxoSmithKline LLC*, No. 12-cv-01191 (E.D. Pa.)); and a case against Merck & Co. in the District of New Jersey (*Plumbers and Pipefitters Local 572 Health and Welfare Fund v. Merck & Co, Inc.*, No. 12-cv-01379 (D.N.J.)).

[7] Pfizer filed an opposition to a request by the plaintiffs in this and related cases to create an MDL for these actions. *See* Pfizer Inc's Memorandum of Law in Opposition to Motion for Transfer of Actions for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. 1407, *In re Prescription Drug Co-Pay Subsidy Litigation*, Case MDL No. 2370 (JPML May 18, 2012).

Jason A. Zweig (JZ-8107)
Hagens Berman Sobol Shapiro LLP
One Penn Plaza, 36th Floor
New York, NY 10119
Tel. (212) 752-5455
Fax. (917) 210-3980
jasonz@hbsslaw.com

Steve W. Berman
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
Tel. (206) 623-7292
Fax. (206) 623-0594
steve@hbsslaw.com
barb@hbsslaw.com

Kenneth A. Wexler
Dawn M. Goulet
Amy E. Keller
Bethany R. Turke
Wexler Wallace LLP
55 West Monroe St., Suite 3300
Chicago, IL 60603
Tel. (312) 346-2222
Fax. (312) 346-0022
kaw@wexlerwallace.com
dmg@wexlerwallace.com
aek@wexlerwallace.com
brt@wexlerwallace.com

Jeffrey L. Kodroff
Spector Roseman Kodroff & Willis PC
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. (215) 496-0300
Fax. (215) 496-6611
jkodroff@srkw-law.com

*Counsel for plaintiffs American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan, Sergeants Benevolent Association Health and Welfare Fund, and the classes*

Audrey A. Browne
Acting Counsel
DC 37 Health & Security Plan
125 Barclay Street, Room 313
New York, NY 10007
Tel. (212) 815-1304
Fax. (212) 815-1900

abrowne@dc37.net

*Counsel for plaintiff American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan*

## CERTIFICATE OF SERVICE

I, Thomas M. Sobol, hereby certify that I am one of plaintiffs' attorneys and that on this date I caused Plaintiffs' Motion to Voluntarily Dismiss Claims Against Pfizer, Inc. to be served on all counsel of record in this proceeding via CM/ECF filing.

Dated: December 13, 2012             **/s/ Thomas M. Sobol**
                                     Thomas M. Sobol