UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES DISTRICT COUNCIL 37 HEALTH & SECURITY PLAN and SERGEANTS BENEVOLENT ASSOCIATION HEALTH AND WELFARE FUND, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>    v.<br><br>PFIZER, INC. ,<br>                      Defendant. | Civil Action No.: 1:12-cv-02237 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS CLAIMS AGAINST PFIZER, INC.**

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Allied Services Division Welfare Fund v. Pfizer, Inc.*, No. 3:12-cv-764, Memorandum &
   Order (S.D. Ill. Oct. 4, 2012) ..................................................................................3

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29 (S.D.N.Y. 2009) ...........................1

*Jones v. Sec. Exch Comm.*, 298 U.S. 1 (1936).............................................................................1

*SEC v. Chakrapani*, 2010 U.S. Dist. LEXIS 65337 (S.D.N.Y. June 29, 2010)..........................3, 4

*SEC v. Compania Internacional Financiera S.A.*, 2012 U.S. Dist. LEXIS 71552
   (S.D.N.Y. May 22, 2012)...............................................................................1, 2, 3

*Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990).........................................................2

Plaintiffs American Federation of State, County, and Municipal Employees District Council 37 Health & Security Plan (DC 37) and Sergeants Benevolent Association Health and Welfare Fund (Sergeants) seek to voluntarily dismiss their claims against Defendant Pfizer, Inc. As this Court has noted, "the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."[1] "The most important inquiry remains whether the defendant will suffer substantial prejudice as a result of a dismissal without prejudice."[2] Notwithstanding its spurious allegations and insinuations, Pfizer fails to demonstrate that it will suffer any prejudice, let alone substantial prejudice, as a result of dismissal. The only potential prejudice Pfizer has identified is the continuation of related litigation in a different forum. But "[i]t is well established that 'the mere prospect of a second litigation upon the subject matter,' does not constitute legal prejudice."[3] Although Pfizer carps that it has been "actively litigating this matter for almost a year,"[4] there can be no genuine dispute that the case has barely begun. The parties have not engaged in any discovery or even held a Rule 26(f) conference. Before its motion to dismiss, Pfizer had prepared only one other filing related to this case – an opposition to the petition for multidistrict litigation treatment in May 2012 (which mirrored the oppositions filed by the eight other defendants in related copay subsidy program litigation).

Other factors, first outlined by the Second Circuit in *Zagano v. Fordham University* and including "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on

---

[1] *SEC v. Compania Internacional Financiera S.A.*, No. 11-cv-4904, 2012 U.S. Dist. LEXIS 71552, at *5 (S.D.N.Y. May 22, 2012) (Oetken, J.) (quoting *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29, 31 (S.D.N.Y. 2009)).

[2] *Compania*, 2012 U.S. Dist. LEXIS 71552, at *6 (granting request for voluntary dismissal filed after the close of discovery and on the eve of the filing of motions for summary judgment).

[3] *Compania*, 2012 U.S. Dist. LEXIS 71552, at *17 (quoting *Jones v. SEC*, 298 U.S. 1, 19 (1936)).

[4] Defendant Pfizer Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion for Voluntary Dismissal (Pfizer Mem.), dated Dec. 27, 2012, at 11.

plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss" likewise favor dismissal of these claims.[5]

First, the plaintiffs were diligent in bringing their motion. DC 37 and Sergeants advised Pfizer at the end of November, a few weeks after Pfizer moved to dismiss the complaint, that they intended to seek a voluntary dismissal. Pfizer did not inform the plaintiffs of its objection until Friday, December 7. The plaintiffs promptly filed their motion a few days later.

Second, Pfizer has not demonstrated that the plaintiffs "acted with 'ill-motive' in bringing or maintaining [their] claims."[6] Pfizer wrongfully claims that DC 37 and Sergeants have filed multiple duplicative actions in various jurisdictions,[7] and that DC 37, Sergeants, and counsel in this action somehow forced or manipulated other third party payors to file litigation against Pfizer elsewhere.[8] Pfizer does face an action by third party payors in the Southern District of Illinois attacking the same fraudulent copay subsidy programs at issue here. But neither DC 37 nor Sergeants are parties to the Illinois action (except as putative class members).

It is true that DC 37 and Sergeants' counsel know and have worked with counsel for the Illinois third party payors; a limited number of lawyers represent third party payors in actions like these. But the fact that some of the lawyers work together in other cases does not mean that there has been manipulation or even early coordination here.[9] The simple fact is that, believing this to be a solid case, other third party payors filed a putative class action against Pfizer in

---

[5] 900 F.2d 12, 14 (2d Cir. 1990).

[6] *Compania*, 2012 U.S. Dist. LEXIS 71552, at *8.

[7] Pfizer Mem. at 9.

[8] Pfizer Mem. at 3-4 (referencing "Plaintiffs' scheme" to have other, unrelated third party payors file litigation).

[9] Counsel in the instant action did contact counsel for the third party payors in the Illinois action following the filing of that case in July 2012 and have discussed coordination in the best interests of the class since that time.

Illinois nearly four months after DC 37 and Sergeants filed the instant action. DC 37, Sergeants, and their counsel had nothing to do with that filing.[10] DC 37 and Sergeants filed a single action against Pfizer and now seek to dismiss it. There is no ill-motive here.

Third, active litigation of this case did not begin until October 2012 and Pfizer has expended no effort or expense in preparation for trial. This Court and others in the district grant voluntary motions to dismiss filed in midst of, or even following the close of, discovery, a stage of the litigation the parties have not yet even contemplated here.[11]

Fourth, Pfizer provides no evidence of any "duplicative expense of relitigation" that it would suffer as a result of a voluntary dismissal here.

Finally, class representatives and their lawyers have an obligation to act in the best interests of the class. Two separate groups of third party payors have actions pending against Pfizer, attacking the company's fraudulent prescription drug copay subsidy programs: the instant action filed in March 2012 and the separate Illinois action filed in July 2012. U.S. District Judge David Herndon denied Pfizer's request to dismiss or transfer the Illinois action, citing "no appetite for a rigid requirement of dismissal of duplicative causes of action,"[12] implicitly indicating a willingness to proceed with the action filed in his court. DC 37, Sergeants, and their counsel have simply made a decision that it is in the best interest of the classes to dismiss this action.

---

[10] In yet another false allegation, Pfizer states that DC 37 and Sergeants wrote to the judge overseeing the case in Illinois to inform that court of the motion for voluntary dismissal filed herein. Pfizer Mem. at 8. DC 37 and Sergeants did no such thing. Allied Services Division Welfare Fund, the named plaintiff in the Illinois action, informed the court of the filing, following Judge David Herndon's order to "apprise the Court of all pertinent rulings and developments" in this New York action. *Allied Services Division Welfare Fund v. Pfizer, Inc.*, No. 3:12-cv-764, Memorandum & Order (S.D.Ill. Oct. 4, 2012) (attached hereto as Exhibit A), at 6.

[11] *See Compania*, 2012 U.S. Dist. LEXIS 71552, at *16-17, 20 (granting Rule 41(a)(2) motion to voluntarily dismiss following the conclusion of fact discovery); *SEC v. Chakrapani*, No. 09-cv-325, 2010 U.S. Dist. LEXIS 65337, at *10, 16 (S.D.N.Y. June 29, 2010) (granting Rule 41(a)(2) motion to voluntarily dismiss over objections despite being in the middle of fact discovery).

[12] *Allied Services Division*, *supra* n. 10, at 4.

The *Zagano* factors favor the plaintiffs' request for a voluntary dismissal. Most importantly, Pfizer has not demonstrated that it will suffer substantial prejudice as a result of dismissal. This alone warrants the granting of the plaintiffs' request.[13]

Plaintiffs request this Court grant their motion to voluntarily dismiss the claims against Pfizer, Inc.

Dated: January 3, 2013
Respectfully submitted,

**/s/ Thomas M. Sobol**
Thomas M. Sobol
Lauren Guth Barnes
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
Tel. (617) 482-3700
Fax. (617) 482-3003
tom@hbsslaw.com
lauren@hbsslaw.com

Jason A. Zweig (JZ-8107)
Hagens Berman Sobol Shapiro LLP
One Penn Plaza, 36th Floor
New York, NY 10119
Tel. (212) 752-5455
Fax. (917) 210-3980
jasonz@hbsslaw.com

Steve W. Berman
Barbara A. Mahoney
Hagens Berman Sobol Shapiro LLP
1918 Eighth Ave., Suite 3300
Seattle, WA 98101
Tel. (206) 623-7292
Fax. (206) 623-0594
steve@hbsslaw.com
barb@hbsslaw.com

Kenneth A. Wexler
Dawn M. Goulet

---

[13] *Chakrapani*, 2010 U.S. Dist. LEXIS 65337, at *13-14 (noting that "[t]he *Zagano* factors . . . need not be weighted equally because their purpose is 'to make certain that a district court, in making a determination ultimately reserved to its discretion, expressly considers those concerns identified by the Court of Appeals as inherently relevant'" and that "[t]he Court's most significant concern is 'whether the dismissal will substantially prejudice the defendant[,]'" and granting the request for voluntary dismissal because the defendant "failed to show that, if the Court dismisses this case without prejudice, substantial prejudice to him will result." (citations omitted)).

Amy E. Keller
Bethany R. Turke
Wexler Wallace LLP
55 West Monroe St., Suite 3300
Chicago, IL 60603
Tel. (312) 346-2222
Fax. (312) 346-0022
kaw@wexlerwallace.com
dmg@wexlerwallace.com
aek@wexlerwallace.com
brt@wexlerwallace.com

Jeffrey L. Kodroff
Spector Roseman Kodroff & Willis PC
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Tel. (215) 496-0300
Fax. (215) 496-6611
jkodroff@srkw-law.com

*Counsel for plaintiffs American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan, Sergeants Benevolent Association Health and Welfare Fund, and the classes*

Audrey A. Browne
Acting Counsel
DC 37 Health & Security Plan
125 Barclay Street, Room 313
New York, NY 10007
Tel. (212) 815-1304
Fax. (212) 815-1900
abrowne@dc37.net

*Counsel for plaintiff American Federation of State, County and Municipal Employees District Council 37 Health & Security Plan*

**CERTIFICATE OF SERVICE**

I, Thomas M. Sobol, hereby certify that I am one of plaintiffs' attorneys and that on this date I caused the Reply Memorandum of Law in Support of Plaintiffs' Motion to Voluntarily Dismiss Claims Against Pfizer, Inc. to be served on all counsel of record in this proceeding via CM/ECF filing.

Dated: January 3, 2013                                   **/s/ Thomas M. Sobol**
                                                         Thomas M. Sobol