UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                              :

AMERICAN FEDERATION OF STATE,      :
COUNTY AND MUNICIPAL EMPLOYEES :
DISTRICT COUNCIL 37 HEALTH &          :
SECURITY PLAN and SERGEANTS         :
BENEVOLENT ASSOCIATION HEALTH  :
AND WELFARE FUND, individually and on :        12 Civ. 2237 (JPO)
behalf of all others similarly situated,     :
                              Plaintiffs,  :        MEMORANDUM AND
                                                :              ORDER
                     -against-                    :
                                                :
PFIZER, INC.,                                      :
                                      Defendant.  :
                                                :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

       Plaintiffs American Federation of State, County, and Municipal Employees District Council 37 Health & Security Plan and Sergeants Benevolent Association Health and Welfare Fund allege RICO and antitrust claims against Defendant Pfizer Inc. relating to a co-pay subsidy program maintained by Pfizer. Pfizer has filed a motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and 9(b) (which it has styled a "motion to dismiss"), and Plaintiffs have moved to voluntarily dismiss the Complaint pursuant to Rule 41(a)(2). For the reasons that follow, Plaintiffs' motion is granted, Pfizer's motion is denied as moot, and this case is dismissed without prejudice.

**I.     Background**

       Plaintiffs initially brought this action in the U.S. District Court for the Eastern District of New York on March 7, 2012, along with a separate but similar suit against Bristol-Myers Squibb Co. ("BMS"). Plaintiffs then voluntarily dismissed those cases and re-filed them in this Court on

May 27, 2012.  Plaintiffs have filed seven similar suits against different pharmaceutical companies in federal courts across the country.  On April 12, 2012, Plaintiffs filed a petition before the Judicial Panel on Multidistrict Litigation ("JPML") requesting transfer of all of their cases to the United States District Court for the Northern District of Illinois.  After that MDL petition was filed, counsel for a different employee welfare fund, the Allied Services Division Welfare Fund ("Allied Services"), filed three similar complaints against Pfizer, Merck & Co., Inc., and Novartis Pharmaceuticals Corp. in the U.S. District Court for the Southern District of Illinois.  Plaintiffs' counsel and counsel for Allied Services have worked together representing third-party payors against pharmaceutical companies in the past and have discussed coordination in the best interests of the class of third-party payors.  The JPML later denied Plaintiffs' petition for an MDL proceeding.  *See* Order, *In Re Prescription Drug Co-Pay Subsidy Antitrust Litig.* [Doc. 75], MDL No. 2370 (J.P.M.L. Aug 2, 2012).  After the JPML issued that ruling, Pfizer, Merck, and Novartis each moved to dismiss the Allied Services cases pursuant to the first-filed doctrine; in response, Allied Services moved to consolidate all three cases in the Southern District of Illinois before Judge Herndon.  The Merck and Novartis cases were transferred under the first-filed doctrine, *see* Mem. & Order at 6 [Doc. 36], *Allied Servs. Div. Welfare Fund v. Merck*, No. 3:12-cv-00766 (S.D. Ill. Nov. 9, 2012); *Allied Servs. Div. Welfare Fund v. Novartis*, No. 3:12-cv-00775 (S.D. Ill. Nov. 28, 2012), and Judge Herndon stayed the Pfizer case pending the outcome of this action, *see* Mem. & Order [Doc. 39], *Allied Servs Div. Welfare Fund v. Pfizer.*, No. 3:12-cv-00764 (S.D. Ill. Oct. 4, 2012).

On October 4, 2012, Plaintiffs filed the First Amended Class Action Complaint, in which they named Amgen, Inc. and Pfizer as defendants.  On October 9, 2012, Plaintiffs voluntarily dismissed all claims against Amgen pursuant to Rule 41(a)(1)(A)(i).  On October 16, 2012,

Pfizer filed its Answer and moved for judgment on the pleadings pursuant to Rule 12(c). Plaintiffs filed their opposition to the Rule 12(c) motion on November 30, 2012 and then filed a motion to voluntarily dismiss their claims on December 13, 2012. Pfizer filed its reply brief in support of its Rule 12(c) motion on December 19, 2012, and then opposed Plaintiffs' Rule 41(a)(2) motion. The Court held oral argument on these motions on May 10, 2013.

## II.     Motion To Voluntarily Dismiss Pursuant to Rule 41(a)(2)

### A.     Legal Standard

Because Pfizer filed an answer and did not agree to a stipulation of dismissal, the "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (internal citations omitted); *see also Benitez v. Hitachi Metals Am., Ltd.*, No. 11 Civ. 6816, 2012 WL 3249417, at *1 (S.D.N.Y. Aug. 6, 2012) ("[T]here is a general presumption that motions to dismiss claims without prejudice should be granted."). The Second Circuit has identified five factors relevant to considering whether a motion for voluntary dismissal without prejudice should be granted:

> (1) [T]he plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Sec. Exch. Comm. v. Compania Internacional Financiera S.A.*, No. 11 Civ. 4904, 2012 WL 1856491, at *2 (S.D.N.Y. May 22, 2012) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). "The Court will analyze each of these factors individually, but no one factor is

3

dispositive. The crucial inquiry remains whether [the defendant] will suffer substantial prejudice as a result of a dismissal without prejudice." *Sec. Exch. Comm. v. Chakrapani*, Nos. 9 Civ. 325, 9 Civ. 1043, 2010 WL 2605819, at *2 (S.D.N.Y. June 29, 2010).

### B.     Application of Law to Facts

The first *Zagano* factor is Plaintiff's diligence in bringing the motion. This factor weighs in Plaintiffs' favor. In general, "for the plaintiff's delay to militate against a grant of dismissal, the [defendant] must show that it expended resources or otherwise detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006). Thus, courts have found in favor of plaintiffs when a voluntary dismissal motion was made "before discovery beg[an] in earnest," *Sec. Exch. Comm. v. One or More Unknown Purchasers of Sec. of Telvent GIT, SA*, No. 11 Civ. 3794, 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013), and when plaintiffs sought dismissal "within a year after the action began," *In re Bank of Am. Mortgage Servicing S'holder Derivative Litig.*, No. 11 Civ. 2475, 2012 WL 1506271, at *2 (S.D.N.Y. Apr. 4, 2012) (citing *Omega Inst., Inc. v. Universal Sales Sys., Inc.*, No. 8 Civ. 6473, 2010 WL 475287, at *3 (W.D.N.Y. Feb.5, 2010)). Other courts have considered "whether a plaintiff moved to dismiss within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action," *Ascentive, LLC v. Opinion Corp.*, No. 10 Civ. 4443, 2012 WL 1569573, at *4 (E.D.N.Y. May 3, 2012), and whether the plaintiff "encouraged the [defendant] to continue discovery without any intention of pursuing its claims," *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 5 Civ. 3939, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008).

Here, Plaintiffs filed their Rule 41(a)(2) motion less than a year after filing the Complaint, less than three months after filing the First Amended Complaint, and roughly two months after Judge Herndon stayed a similar case in Illinois—a decision that prompted Plaintiffs to seek voluntary dismissal of this action. In all these respects, Plaintiffs acted diligently. More importantly, there is no evidence that Pfizer acted to its detriment on any expectation created by Plaintiffs, and Plaintiffs sought voluntary dismissal before any discovery, summary judgment briefing, or trial preparation. Thus, it cannot be said that Plaintiffs led Pfizer to incur significant or wasteful expenses related to this litigation. Because Plaintiffs acted diligently, this *Zagano* factor weighs in favor of granting their motion for voluntary dismissal.

The second *Zagano* factor—undue vexatiousness—also weighs in favor of Plaintiffs. Vexatiousness is usually used to describe situations where "the case was brought to harass the defendant," *Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y 2002), or the plaintiff otherwise illustrates an "ill-motive," such as "where plaintiffs have assured the court and the defendants that they intended to pursue their claims prior to seeking dismissal," *Shaw*, 2008 WL 4127549, at *6; *see also Compania Internacional*, 2012 WL 1856491, at *5 ("Courts define 'undue vexatiousness' to mean 'that the plaintiff acted with 'ill-motive' in bringing or maintaining its claims.'" (citations omitted)); *Banco Cent. De Paraguay*, 2006 WL 3456521, at *5 ("Courts find ill-motive where, for example, the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed, thereby seeking the advantage of filing its charges without having to support them; or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal." (quotation marks and citations omitted)).

5

Pfizer does not allege any of the common forms of vexatious behavior in its brief and the record does not disclose any such behavior.  Rather, Pfizer argues that Plaintiffs have engaged in forum shopping, which it characterizes as inherently vexatious.  Even if forum shopping qualified as a form of vexatious action—and it must be noted that courts in this jurisdiction do not ordinarily consider potential forum shopping implications in deciding Rule 41(a)(2) motions—Plaintiffs would still enjoy the benefit of this *Zagano* factor.  In seeking voluntary dismissal, Plaintiffs are merely allowing a preexisting lawsuit filed in a different district by a different plaintiff to proceed.  There is no evidence that Plaintiffs intend to re-file *this* action elsewhere or that they have threatened to do so.  Accordingly, Plaintiffs' behavior does not qualify as unduly vexatious and this *Zagano* factor weighs in favor of Plaintiffs' motion.

The third *Zagano* factor is the extent to which the suit has progressed, including the defendant's efforts and expenses in preparation for trial.  This factor also weighs in favor of Plaintiffs.  As Judge Swain has observed, "[c]ourts applying the *Zagano* factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate."  *Baldanzi v. WFC Holdings Corp.*, No. 07 Civ. 9551, 2010 WL 125999, at *4 (S.D.N.Y. Jan. 13, 2010); *see also Shaw*, 2008 WL 4127549, at *7 ("The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of 'primary importance.'" (citation omitted)).  The standard for concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred.  *See, e.g.*, *Compania Internacional*, 2012 WL 1856491, at *6 (noting that where "the parties have not successfully completed discovery," this factor favors dismissal); *Benitez*, 2012 WL 3249417, at *2 (finding this factor to favor plaintiffs where the

6

"action has been pending for less than year and only minimal discovery has yet been conducted." (citations omitted)); *Hinton v. Monster Worldwide, Inc.*, No. 09 Civ. 2629, 2009 WL 4249130, at *3 (S.D.N.Y. Nov. 24, 2009) ("In this case, Defendant filed a motion to dismiss, the Parties have engaged in no discovery, and there are no counterclaims.  With the exception of the Monster's motion, the litigation has not proceeded so far as to cause prejudice to Monster, and their litigation effort does not weigh against granting Hinton's motion.").

Here, there has been no discovery, summary judgment briefing, or trial preparation.  To the contrary, the case is at a very early stage—a motion on the pleadings—and the litigation started less than a year ago.  Indeed, but for the fact that Pfizer filed its Answer simultaneously with its motion to dismiss—making it a motion under Rule 12(c), but otherwise no different from a Rule 12(b)(6) motion—Plaintiffs would have been able to voluntarily dismiss its complaint as a matter of right under Rule 41(a)(1)(A)(i).  Under the circumstances, there is no significant prejudice to Pfizer under this *Zagano* factor.

The fourth factor is the potential duplicative expense of relitigation, which also weighs in favor of Plaintiffs.  Of course, "[i]t is well established that the mere prospect of a second litigation upon the subject matter does not constitute legal prejudice." *Compania Internacional*, 2012 WL 1856491, at *6 (quotation marks and citations omitted); *see also A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29, 33 (S.D.N.Y. 2009) ("'The mere prospect of a second litigation' is insufficient to rise to the level of legal prejudice."  (citations omitted)).  Since the parties have not engaged in any discovery, and any efforts expended by Pfizer in litigating this case so far may "remain of value" in defending similar cases elsewhere and do "not need to be duplicated," this factor weighs in favor of Plaintiffs.  *See In re Fosamax Prods. Liab. Litig.*, Nos. 6 MDL 1789, 6 Civ. 5088, 2008 WL 5159778, at *4 (S.D.N.Y. Dec. 9, 2008).

The final *Zagano* factor—the adequacy of the plaintiff's explanation—appears to weigh in favor of Pfizer. Courts have found adequate reason for voluntary dismissal in a wide variety of situations, including where "the objective of the suit has been obtained," *Banco Central de Paraguay*, 2006 WL 3456521, at *7, where the plaintiff has become ill and has been advised "that she avoid unnecessary stressful activities," *Shah v. RBC Capital Mkts. Corp.*, No. 10 Civ. 7672, 2011 WL 2638139, at *2 (S.D.N.Y. July 5, 2011), and where the plaintiff has realized that "defendants would be unable to pay any judgment," *A.V. by Versace*, 261 F.R.D. at 33. Unlike in those cases, the only substantial reason for dismissal that Plaintiffs have provided is their desire to litigate this case in the Seventh Circuit, which they believe has more favorable RICO precedent. This justification is questionable. *See* Wright & Miller, 9 *Fed. Prac. & Proc. Civ.* § 2364 (3d ed. 2013) (noting that "a voluntary dismissal in order to reinstate the action in a forum that will apply a different body of substantive law clearly is disfavored").

That said, this final *Zagano* factor, "although surely relevant . . . is alone not dispositive" and "any shortcomings in plaintiff's explanation are not sufficient to overcome the other four factors." *Benitez*, 2012 WL 3249417, at *2 (S.D.N.Y. Aug. 6, 2012); *see also Chakrapani*, 2010 WL 2605819, at *4 (holding that the *Zagano* factors favor dismissal despite finding the SEC's explanation for voluntary dismissal inadequate); *Baldanzi v. WFC Holdings Corp.*, No. 7 Civ. 9551, 2010 WL 125999 at *4 (S.D.N.Y. Jan. 13, 2010) (allowing voluntary dismissal despite finding adequacy of the plaintiff's explanation "dubious"); *see also* 8 Moore's *Fed. Prac. & Proc.* § 41.40[5][d] (3d ed. 2012) (noting that "[t]he fact that the plaintiff may obtain some tactical advantage by taking a voluntary dismissal is not sufficient grounds to deny a motion under Rule 41(a)(2)"); Wright & Miller, 9 *Fed. Prac. & Proc. Civ.* at §2364 (noting that "it is

not a bar to a court-granted dismissal under Rule 41(a)(2) that the plaintiff may obtain some tactical advantage thereby").

Considering all relevant facts and the *Zagano* factors, the Court concludes that Pfizer would not suffer significant prejudice from dismissal without prejudice. Accordingly, Plaintiffs' motion for voluntary dismissal will be granted.

### III.  Conclusion

For the foregoing reasons, Plaintiffs' motion for voluntary dismissal without prejudice is GRANTED. Defendant's motion for judgment on the pleadings pursuant to Rule 12(c) (styled "motion to dismiss") is DENIED as moot.

The Clerk of Court is directed to close the motion entries at Dkt. Nos. 16 and 21 and to close this case.

SO ORDERED.

Dated: New York, New York
       June 3, 2013

_____
J. PAUL OETKEN
United States District Judge