UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                     :

AMERICAN FEDERATION OF STATE,         :
COUNTY AND MUNICIPAL EMPLOYEES   :
DISTRICT COUNCIL 37 HEALTH &          :
SECURITY PLAN and SERGEANTS           :
BENEVOLENT ASSOCIATION HEALTH    :
AND WELFARE FUND, individually and on  :        12 Civ. 2237 (JPO)
behalf of all others similarly situated,        :
                         Plaintiffs,   :        OPINION AND ORDER
                                       :
                -against-            :
                                     :
PFIZER, INC.,                           :
                            Defendant.  :
                                     :
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

On June 3, 2013, the Court issued an opinion granting Plaintiff's motion to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  *See Am. Fed'n of State, Cnty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc.*, No. 12 Civ. 2237, 2013 WL 2391713 (S.D.N.Y. June 3, 2013) ("the Opinion").  Pursuant to Local Civil Rule 6.3, Pfizer seeks reconsideration of the Opinion's grant of dismissal without prejudice and asks the Court to impose conditions on the voluntary dismissal of Plaintiffs' claims.

**I.     Motion for Reconsideration Legal Standard**

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Drapkin v. Mafco Consol. Group, Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (quotation marks and citation omitted).  Accordingly, "[t]he threshold for prevailing on a motion for reconsideration is high."  *Nakshin v.*

*Holder*, 360 F. App'x 192, 193 (2d Cir. 2010); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict.").

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Cioce v. County of Westchester*, 128 Fed. App'x 181, 185 (2d Cir. 2005); *see also Drapkin*, 818 F. Supp. 2d at 696 ("Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice." (citations omitted)). "[A] party may not advance new facts, issues, or arguments, not previously presented to the Court." *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (quotation marks and citations omitted). As Judge Sweet has observed, "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dellefave v. Access Temporaries, Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). "[C]ourts do not tolerate such efforts to obtain a second bite at the apple." *Goonan v. Fed. Reserve Bank of New York*, No. 12 Civ. 3859, 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013).

**II.   Application**

In the Opinion, assisted by admirably thorough briefing from the parties, the Court carefully examined each factor relevant to a Rule 41(a)(2) motion under applicable Second Circuit precedent. *See Pfizer*, 2013 WL 2391713, at *2-5 (discussing, *inter alia*, the considerations set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). The Court determined that four of the five relevant factors weighed in favor of voluntary dismissal, but that

Plaintiffs had adduced a "questionable" justification in support of their motion. *Id.* at *5. Nonetheless, recognizing that "this final *Zagano* factor, although surely relevant . . . is alone not dispositive," the Court concluded that "Pfizer would not suffer significant prejudice from dismissal without prejudice." *Id.* (quotation marks and citations omitted).

In its motion for reconsideration, Pfizer asks the Court to "avoid manifest injustice" by imposing a venue condition on its grant of dismissal or, in the alternative, to transform its ruling into a dismissal with prejudice. Rule 41(a)(2) does afford the Court authority to impose "terms that the court considers proper." "The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice." *Cross Westchester Dev. Corp. v. Chiulli*, 887 F.2d 431, 432 (2d Cir. 1989). Pfizer identifies two forms of prejudice: the potential for forum shopping and its desire to prevent Plaintiffs from escaping an adverse decision on the merits. In light of this Court's ruling in a related case, Pfizer's latter concern is understandable. *See Am. Fed'n of State, Cnty. & Mun. Employees Dist. Council 37 Health & Sec. Plan v. Bristol-Myers Squibb Co.*, No. 12 Civ. 2238, 2013 WL 2391999 (S.D.N.Y. June 3, 2013).

Pfizer does not, however, cite any authority from this jurisdiction for the proposition that a venue condition on a Rule 41(a)(2) motion is warranted to prevent what it describes as forum shopping. Further, the Eleventh Circuit case on which it relies is inapposite. *See, e.g.*, *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1329 (11th Cir. 2004) (holding that a district court had not imposed a condition that amounted to legal prejudice against the plaintiff where that district court imposed a same-venue term to prevent re-litigation of a *forum non conveniens* dispute). So too the other cases cited by Pfizer, most of which deal with the distinct question whether a plaintiff suffers sufficient legal prejudice from a venue condition to support an appeal. *See, e.g.*, *Bowers v. St. Louis Sw. Ry. Co.*, 668 F.2d 369, 370 (8th Cir. 1981)

(concluding that a plaintiff had not suffered sufficient prejudice to authorize an appeal of a venue condition where he had not raised any objection to that condition in the trial court and where it did not severely circumscribe his ability to re-file the suit).  By the same token, the cases that Pfizer cites with respect to preventing plaintiffs from avoiding adverse decisions on the merits are all easily distinguished by virtue of their advanced stage and other applicable *Zagano* factors. *See Brooks v. State Bd. of Elections*, 173 F.R.D. 547, 549 (S.D. Ga. 1997) (concluding that dismissal with prejudice would be warranted where, after nine years of litigation and after their legal theory had admittedly been foreclosed by an intervening change in the law, plaintiffs sought voluntary dismissal); *see also Hoolan v. Stewart Manor Country Club, LLC*, 887 F. Supp. 2d 485, 496 (E.D.N.Y. 2012) (dismissing certain claims with prejudice under Rule 41(a)(2) because those claims lacked merit and because the parties had devoted substantial energy to the case, including the litigation of a summary judgment motion).

Indeed, one of the cases cited by Pfizer expressly admonishes that "[c]ourts impose few or no conditions early in a case, where the defendant at most faces the mere prospect of re-litigation in another forum." *Brooks*, 173 F.R.D. at 549.  This precept is reflected in Rule 41(a)(2), which creates a presumption in favor of dismissal without prejudice by providing that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Here, where four of the five *Zagano* factors cut in Plaintiffs' favor, and where Plaintiffs have once again represented in their filings that they "never had any intention of refiling this case in another jurisdiction," the Court declines to impose the conditions requested by Pfizer and would decline to do so even if it were to address this motion *de novo*.

But the Court does not approach Pfizer's motion in that fashion, since in many respects Pfizer has sought little more than a "second bite at the apple."  *See Goonan*, 2013 WL 1386933,

at *2. Virtually all of the factual and legal arguments presented on this motion are familiar from Pfizer's original opposition to Plaintiffs' Rule 41(a)(2) motion, the only real distinction being that Pfizer has added a request that the Court impose a same-venue term—a request that it could easily have included in its original opposition and that does not reflect any change in the law.

Given the absence of any justification under Local Rule 6.3 for reconsideration of the Opinion, and the Court's conclusion that it would adhere to its original ruling even if it were to approach the question as one of first impression, Pfizer's motion must be denied.

**III.     Conclusion**

For the foregoing reasons, Pfizer's motion for reconsideration, including its request to impose condition on voluntary dismissal, is denied.

The Clerk of Court is directed to terminate the motion entry at Dkt. No. 42.

SO ORDERED.

Dated:  New York, New York
        July 2, 2013

_____
J. PAUL OETKEN
United States District Judge